UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: SECONDARY TICKET MARKET
REFUND LITIGATION                                                                    MDL No. 2951

## TRANSFER ORDER

**Before the Panel**:[*] Plaintiffs in three actions move under 28 U.S.C. § 1407 to centralize this litigation, in the Northern District of Illinois or, alternatively, the Western District of Wisconsin. This litigation consists of six actions pending against three competing players in the secondary ticket market that are pending in four districts, as listed on Schedules A and B, as well as two potential tag-along actions in the Northern District of California.[1]

The parties' positions on centralization vary. Defendant Vivid Seats LLC opposes creation of an industry-wide MDL; if one is created over its objections, it suggests a Northern District of Illinois transferee forum. Defendant SeatGeek, Inc., opposes centralization. Defendants StubHub, Inc., and Last Minute Transactions Inc. (StubHub) oppose industry-wide centralization but support creation of a StubHub-only MDL in the Western District of Wisconsin or the Northern District of Illinois. Moving plaintiffs alternatively support creation of an MDL comprised solely of actions against defendant StubHub in the Northern District of Illinois or, alternatively, the Western District of Wisconsin. Responding plaintiffs in two Northern District of California actions against StubHub oppose centralization. Plaintiff in the Northern District of California *Kopfmann* action also suggests creating a StubHub-only MDL in the Northern District of California.

After considering the argument of counsel,[2] we find few efficiencies to be gained by creating an industry-wide MDL that combines claims against Vivid Seats and SeatGeek with claims against StubHub. Any general factual commonality across the actions appears to be superficial at best. We are typically skeptical of requests to centralize claims filed against multiple defendants who are competitors in a single MDL because it often will not promote judicial efficiency or serve the

---

[*] One or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] At oral argument, the parties noted that one of these putative nationwide class actions had been recently filed but they had not yet notified the Panel of its pendency. These actions, and any other related actions, are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

[2] In light of the concerns about the spread of COVID-19 virus (coronavirus), the Panel heard oral argument by videoconference at its hearing session of July 30, 2020. *See* Suppl. Notice of Hearing Session, MDL No. 2951 (J.P.M.L. July 14, 2020), ECF No. 34.

-2-

convenience of the parties and witnesses. *See, e.g., In re: Yellow Brass Plumbing Component Prods. Liab. Litig.*, 844 F. Supp. 2d 1377 (J.P.M.L. 2012) (denying centralization, noting "we are typically hesitant to centralize litigation against multiple, competing defendants which marketed, manufactured and sold similar products"). Plaintiffs have not persuaded us that an industry-wide MDL is necessary, or even desirable, here. Plaintiffs point to the common need in all cases to determine which events were cancelled or rescheduled on a nationwide basis. But we see no reason – particularly with counsel for movants representing plaintiffs in three actions brought against, respectively, StubHub, Vivid Seats and SeatGeek – that this seemingly straightforward task could not be informally coordinated. All defendants are separate businesses that employed different terms of use, different arbitration agreements, different marketing and different choice of law provisions. There are no allegations of a conspiracy and no defendant is named in an action alongside another vendor competitor. Creating an industry-wide MDL for all three defendants would seem to complicate pretrial proceedings more than it would streamline them, so we deny this request.

As for the parties' request for the creation of a StubHub-only MDL, we find that the actions against StubHub involve common questions of fact, and that centralization of actions against StubHub in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions involve common factual issues arising from similar putative nationwide class actions alleging that StubHub wrongfully changed its policies for refunds for cancelled or rescheduled events as a result of the COVID-19 pandemic. Plaintiffs allege that StubHub, which reportedly touts itself as the "world's largest ticket marketplace," for years prior to COVID-19 had assured customers, via its "FanProtect Guarantee," that ticket purchasers would receive full refunds for cancelled events. On or about March 12, 2020, StubHub announced that it would issue a 120% credit instead of a refund when an event was cancelled, regardless of the purchase date. StubHub later offered the choice of a refund only to customers in fourteen states with consumer protection laws that require refunds. Centralization will eliminate duplicative discovery; avoid inconsistent pretrial rulings, particularly on class certification; and conserve the resources of the parties, their counsel and the judiciary.

Plaintiffs in the Northern District of California actions assert that voluntary cooperation among the parties would be superior to formal centralization of an industry-wide or StubHub-only MDL. Although we encourage the parties to cooperate to the extent possible, we conclude that creation of an StubHub-only MDL is warranted in these circumstances. Including potential tag-along actions, there are six putative nationwide class actions pending in four districts, and it was apparent from oral argument that the parties have yet to agree on transfer to a single district.

We are persuaded that the Northern District of California, where four cases against StubHub are pending and where StubHub is based, is an appropriate transferee district. All actions against StubHub were filed within a few weeks of each other, and no action has advanced significantly further than any other action. Centralization before Judge Haywood S. Gilliam, Jr., allows us to assign this litigation to an able jurist who has experience presiding over complex, multidistrict litigation. We are confident that he will steer these cases on a prudent course. Consistent with our decision, we will rename this litigation "In re: StubHub Refund Litigation."

-3-

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Northern District of California are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Haywood S. Gilliam, Jr., for coordinated or consolidated pretrial proceedings with the action pending there and listed on Schedule A.

IT IS FURTHER ORDERED that centralization of actions listed on Schedule B and pending against defendants other than StubHub is DENIED.

IT IS FURTHER ORDERED that the caption of this litigation is hereby renamed to "In re: StubHub Refund Litigation."

PANEL ON MULTIDISTRICT LITIGATION

Karen K. Caldwell
Chair

Ellen Segal Huvelle          R. David Proctor
Catherine D. Perry           Nathaniel M. Gorton
Matthew F. Kennelly          David C. Norton

**IN RE: SECONDARY TICKET MARKET**
**REFUND LITIGATION**                                                                 MDL No. 2951

## SCHEDULE A

<u>Northern District of California</u>

ALCARAZ v. STUBHUB, INC., C.A. No. 4:20‒02595
KOPFMANN v. STUBHUB, INC., C.A. No. 4:20‒03025

<u>Southern District of New York</u>

REYNOLDS v. STUBHUB, INC., ET AL., C.A. No. 1:20‒03508

<u>Western District of Wisconsin</u>

MCMILLAN v. STUBHUB, INC., ET AL., C.A. No. 3:20‒00319

**IN RE: SECONDARY TICKET MARKET
REFUND LITIGATION**      MDL No. 2951

## SCHEDULE B

<u>Northern District of Illinois</u>

NELLIS, ET AL. v. VIVID SEATS LLC, ET AL., C.A. No. 1:20‑02486

<u>Southern District of New York</u>

TRADER v. SEATGEEK, INC., C.A. No. 1:20‑03248